```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

**ARIES BUILDING SYSTEMS, LLC**                                **PLAINTIFF**

**V.**                                    **CAUSE NO. 5:16-cv-16-DCB-MTP**

**PIKE COUNTY, MISSISSIPPI**                                   **DEFENDANTS**
**AND CITY OF MCCOMB**

## OPINION AND ORDER

This cause is before the Court on defendant Pike County's Motion to Dismiss for Lack of Subject Matter Jurisdiction **(docket entry 13)** and Motion to Dismiss for Failure to Join an Indispensable Party **(docket entry 12)**. Having considered the motions, responses, and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

### I. Facts and Procedural History

This case arises out of a land sale transaction between Aries Building Systems, LLC ("Aries") and the Pike County Board of Supervisors ("Pike County" or "Defendant"). In 2014, Pike County entered into a Purchase Agreement with Aries for the sale and purchase of 40 acres of land. Compl. ¶ 6. In January 2015, the County executed a Warranty Deed to finalize the sale. Id. at ¶ 7.

It appears that the purpose of this sale was for the construction by Aries of some type of residential development. The terms of the Agreement allegedly required Aries to place a minimum

1

of 120 beds at the development site within the first twelve months after the sale was finalized, and a minimum of ten full time employees within the first twenty-four months. Id. at ¶¶ 10, 12. In the event that Aries failed to comply with either of these conditions, Pike County would have the option to repurchase the land. Id. The City of McComb and Pike County also allegedly promised to enter into an interlocal agreement for the construction of a sewer line and roadway to serve the property purchased by Aries. Id. at ¶ 11.

According to Aries, the deadline to have the 120 beds located on the property was at the end of January 2016, and the deadline to have the full time employees was to be at the end of January 2017. Id. at ¶ 14. After allegedly placing 120 beds on the property, Aries sent a letter informing Pike County of its compliance with the first deadline. Id. at ¶ 18. In response, Pike County expressed its intention to repurchase the property from Aries because no power, water, sewer connections, or appliances had been placed on the site to date. Id. at ¶ 20. Aries contends that utility connections were not part of the original agreement. Id.

In its Complaint, Aries seeks a declaratory judgment against Pike County finding that the plaintiff has fulfilled its sole obligation under the contract to date. Aries also seeks an injunction to prevent Pike County from exercising its option to repurchase. Further, Aries alleges against both the City and Pike

County breach of contract and conspiracy to deprive property rights.

Pike County now moves for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7).

## II. Rule 12(b)(1) Motion

### 1. Standard of Review

"A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001). When ruling on a Rule 12(b)(1) motion, the Court accepts all factual allegations as true and views them in the light most favorable to the plaintiff. Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008).

### 2. Discussion

In its Complaint, Aries alleges four causes of action against the County: (1) declaratory judgment and injunctions; (2) equitable estoppel; (3) conspiracy to deprive property rights; and (4) breach of contract.  Pike County moves to dismiss all claims based on Plaintiff's failure to comply with the ninety day pre-suit notice requirement of the Mississippi Tort Claims Act ("MTCA").  Defendant argues that because Aries failed to file a Notice of Claim pursuant to the MTCA, it lacks standing to bring this suit, thus stripping the Court of its jurisdiction.

The MTCA "waives immunity for claims for money damages arising out of the torts of government entities and employees while acting within the course and scope of their employment." Swindle v. Neshoba County Sch. District, 137 So. 3d 869, 874 (Miss. Ct. App. 2013). To assert a claim under the Act, claimants must comply with the procedures set forth in the MTCA, which include providing notice to the appropriate entity prior to filing suit. The MTCA's notice provision provides in relevant part:

> After all procedures within a governmental entity have been exhausted, any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity.

Miss. Code Ann. 11-46-11(1) (Rev. 2012). Aries does not dispute that it failed to provide notice under the MTCA. Instead, Plaintiff maintains that the MTCA is inapplicable to the present action; therefore, no Notice of Claim was required. Aries argues that this matter is not a tort action regarding injuries, but rather an action for declaratory judgment, injunctions, and breach of contract. Further, Aries asserts that because the conspiracy claim arises fully from the breach of contract, that claim is also beyond the reach of the MTCA.

As the case stands, the Court finds that dismissal based on the application of the MTCA is premature. Five months have passed since Pike County filed its motion to dismiss, and to date no

4

memorandum brief in support of its motion has been filed with this Court. See L.U. Civ. R. 7(b)(4)(2016)("counsel for the movant must file a memorandum brief in support of the motion . . . failure to timely submit the required motion documents may result in the denial of the motion"). What is more, the motion's single paragraph is devoid of any legal authority in support of its conclusory assertion that dismissal pursuant to the MTCA is proper. "Generally, where a defendant does not provide a memorandum of authorities in support of its motion and [does] not cite any cases supporting its claim that it is entitled to dismissal, the proper course is to deny the motion." C.W.P. v. Brown, 56 F.Supp.3d 834, 839 (N.D. Miss. 2014). Merely asserting that the law prohibits a certain action is not enough; a party must explain why and provide citations to relevant authorities. Verso Paper, LLC v. HireRight,Inc., 2012 WL 2376046, *5 (S.D. Miss. June 22, 2012); see de la O v. Hous. Auth. of City of El Paso, Tex., 417 F.3d 495, 501 (5th Cir. 2005)(noting that perfunctory and conclusory assertions will not suffice because "judges are not like pigs, hunting for truffles buried in briefs"). Without more, the Court refuses to speculate as to what hidden truffles may lurk behind Pike County's motion.

Despite Defendant's perfunctory presentation, the Court recognizes that dismissal pursuant to the MTCA may be warranted at a later stage. Because the MTCA does not apply to all claims

against governmental entities, each claim must be examined for MTCA application. <u>Zumwalt v. Jones County Bd. of Sup'rs</u>, 19 So.3d 672, 688 (Miss. 2009); see <u>Bellsouth Telecommunications, LLC v. Eutaw Construction Company, Inc.</u>, 2016 WL 3212182, *3 (S.D. Miss. June 8, 2016)(MTCA does not apply to actions for breach of express terms of a contract); <u>but</u> <u>see</u> <u>City of Jackson v. Estate of Stewart ex rel. Womack</u>, 908 So.2d 703 (Miss. 2005)(holding that a claim for breach of implied contract falls within the purview of the MTCA); <u>Whiting v. Univ. of Southern Miss.</u>, 62 So.3d 907 (Miss. 2011)(finding that claims for tortious breach of contract and tortious interference with a contract are governed by the MTCA). In light of the MTCA's notice provision and the undisputed lack of notice provided in this case, dismissal may be appropriate if the MTCA applies to the claims at issue. However, because no meaningful argument as to the MTCA's application has been presented on the motion, the Court declines to dismiss at this stage.

### III. Rule 12(b)(7) Motion

Pike County also moves for dismissal for failure to join an indispensable party under Rule 12(b)(7), arguing that CMS Consultants, LLC ("CMS") is necessary to the suit and cannot be joined. According to Defendant, CMS claims a lien of $282,632.44 on the forty acre tract of land, which is the subject of the present suit. Claiming that it has not been paid for work it performed on the property for Aries, CMS filed a Notice of

6

Contractor and Materialman's Lien with the Chancery Clerk of Pike County.  Defendant argues that CMS is necessary to the suit because complete relief is impossible among the existing parties.

Aside from these conclusory allegations, however, Pike County has once again failed to provide this Court with any argument of substance.  The County filed no supporting memorandum brief as required by Local Rule 7, and the motion's single paragraph provides no citations to any legal authority.  Merely peppering the motion with the "necessary" and "indispensable" language of Rule 19 is altogether insufficient.  <u>See</u> L.U. Civ. R. 7(b)(4)(2016); <u>C.W.P.</u>, 56 F.Supp.3d at 839; <u>Verso Paper</u>, 2012 WL 2376046.

Resolution of a motion under Rule 12(b)(7) involves a two-step inquiry.  <u>August v. Boyd Gaming Corp.</u>, 135 Fed. App'x 731, 732 (5th Cir. 2005).  First, the Court considers the requirements of Rule 19(a) and determines whether a party should be added.  <u>Id</u>.  Second, the Court must determine whether the litigation can be properly pursued without the absent party under Rule 19(b).  <u>Id</u>.  If the absent party should be joined and the suit cannot proceed without that party, the case must be dismissed.  <u>Id</u>.  Pike County has failed to provide the Court with any guidance as to why CMS would be indispensable to the present action for declaratory judgment, injunctions, and breach of contract based on the land sale agreement between Aries and Pike County.  Pike County has also failed to explain why complete relief cannot be afforded between

7

the parties, or why joinder of CMS would not be feasible in this case.  Without more, the Court is unable to engage in the appropriate inquiry under Rule 19 and unwilling to dismiss any claims on this basis.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss for Lack of Jurisdiction **[docket entry 13]** is **DENIED** without prejudice.

**It is HEREBY ORDERED** that the Defendants' Motion to Dismiss for Failure to Join an Indispensable Party **[docket entry 12]** is **DENIED** without prejudice.

**SO ORDERED**, this the 28th day of October, 2016.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE