```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

**ARIES BUILDING SYSTEMS, LLC**                                **PLAINTIFF**

V.                                      CAUSE NO. 5:16-cv-16-DCB-MTP

**PIKE COUNTY, MISSISSIPPI**                                  **DEFENDANTS**
**AND CITY OF MCCOMB**

## OPINION AND ORDER

This cause is before the Court on defendant City of McComb's Motion to Dismiss for Lack of Subject Matter Jurisdiction **(docket entry 9)** and Motion to Dismiss or in the Alternative to Stay **(docket entry 10)**. Having considered the motions, responses, and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

### I. Facts and Procedural History

This case arises out of a land sale transaction between Aries Building Systems, LLC ("Aries") and the Pike County Board of Supervisors ("Pike County"). In 2014, Pike County entered into a Purchase Agreement with Aries for the sale and purchase of 40 acres of land. Compl. ¶ 6. In January 2015, the County executed a Warranty Deed to finalize the sale. Id. at ¶ 7.

It appears that the purpose of this sale was for the construction by Aries of some type of residential development. The terms of the Agreement allegedly required Aries to place a minimum of 120 beds at the development site within the first twelve months

1

after the sale was finalized, and a minimum of ten full time employees within the first twenty-four months. Id. at ¶¶ 10, 12. In the event that Aries failed to comply with either of these conditions, Pike County would have the option to repurchase the land. Id. The City of McComb ("McComb" or "the City") and Pike County also allegedly promised to enter into an interlocal agreement for the construction of a sewer line and roadway to serve the property purchased by Aries. Id. at ¶ 11.

According to Aries, the deadline to have the 120 beds located on the property was at the end of January 2016, and the deadline to have the full time employees was to be at the end of January 2017. Id. at ¶ 14. After allegedly placing 120 beds on the property, Aries sent a letter informing Pike County of its compliance with the first deadline. Id. at ¶ 18. In response, Pike County expressed its intention to repurchase the property from Aries because no power, water, sewer connections, or appliances had been placed on the site to date. Id. at ¶ 20. Aries contends that utility connections were not part of the original agreement. Id.

In its Complaint, Aries seeks a declaratory judgment against Pike County finding that the plaintiff has fulfilled its sole obligation under the contract to date. Aries also seeks an injunction to prevent Pike County from exercising its option to repurchase. Further, Aries alleges against both the City and Pike County breach of contract and conspiracy to deprive property

2

rights.

The City of McComb now moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7), or in the alternative to stay proceedings.

## II. Rule 12(b)(1) Motion

### A. *Standard of Review*

Dismissal pursuant to Rule 12(b)(1) is proper "when the court lacks the statutory or constitutional power to adjudicate the claim." Kmart Corp. v. Kroger Co., 963 F.Supp.2d 605, 609 (N.D. Miss. 2013)(internal quotations omitted). The Court shall accept the factual allegations as true and view them in the light most favorable to the plaintiff. Id. "A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim that would entitle plaintiff to relief." Home Builders Ass'n of Miss.,Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

### B. *Discussion*

Aries asserts two claims against the City of McComb: (1) conspiracy and (2) breach of contract.  McComb moves to dismiss both claims based on plaintiff's failure to comply with the ninety day pre-suit notice requirement of the Mississippi Tort Claims Act ("MTCA"). McComb argues that because Aries failed to file a Notice of Claim pursuant to MTCA, it lacks standing to bring this suit, thus stripping the Court of its jurisdiction.

The MTCA provides the exclusive remedy for filing certain kinds of actions against a governmental entity and its employees in Mississippi. City of Jackson v. Jackson, 2016 WL 2860860, *2 (Miss. Ct. App. May, 17, 2016). While the Act serves to provide immunity to the state and its political subdivisions, the MTCA "waives immunity for claims for money damages arising out of the torts of government entities and employees while acting within the course and scope of their employment." Swindle v. Neshoba County Sch. District, 137 So. 3d 869, 874 (Miss. Ct. App. 2013). To assert a claim under the Act, claimants must comply with the procedures set forth in the MTCA, which include providing notice to the appropriate entity prior to filing suit. The MTCA's notice provision provides in relevant part:

> After all procedures within a governmental entity have been exhausted, any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity.

Miss. Code Ann. 11-46-11(1) (Rev. 2012). It is undisputed that no pre-suit notice was filed in this case. Aries instead maintains that the MTCA is inapplicable to the present action; therefore, no Notice of Claim was required. Aries argues that this matter is not a tort action regarding injuries, but rather an action for declaratory judgment, injunctions, and breach of contract. Further, Aries asserts that because the conspiracy claim against

4

both defendants arises fully from the breach of contract, that claim is also beyond the reach of the MTCA.

Because the Court finds that it has insufficient information to make a determination as to the MTCA's application at this stage, dismissal is premature. After five months, McComb has filed no accompanying memorandum brief in support of its motion to dismiss as required by Local Uniform Civil Rule 7, and the motion's single paragraph is void of any supporting legal authority. See L.U. Civ. R. 7(b)(4)(2016)("counsel for the movant must file a memorandum brief in support of the motion . . . failure to timely submit the required motion documents may result in the denial of the motion"). Though McComb points to Plaintiff's lack of notice under the MTCA, it fails to provide any meaningful argument as to why the provisions of the MTCA are applicable. "Generally, where a defendant does not provide a memorandum of authorities in support of its motion and [does] not cite any cases supporting its claim that it is entitled to dismissal, the proper course is to deny the motion." C.W.P. v. Brown, 56 F.Supp.3d 834, 839 (N.D. Miss. 2014)(citing Bruner v. Cemex, Inc., 2010 WL 3455244 (S.D. Miss. Aug. 27, 2010)); see also McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997)("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put

flesh on its bones."). Following this general rule, the Court refuses to put flesh on the bones of McComb's motion argument by engaging in conjecture as to why the MTCA should apply to the claims at issue.

The Court is also reluctant to adopt Plaintiff's broad contention that *all* claims alleged, including conspiracy, are beyond the scope of the MTCA simply because one claim is based on a theory of contract. In opposition to the motion, Aries relies on City of Grenada v. Whitten Aviation, Inc., 755 So.2d 1208 (Miss. Ct. App. 1999) and Churchill v. Pearl River Basin Dev. Dist., 619 So.2d 900 (Miss. 1993) to assert that the MTCA is inapplicable to all breach of contract claims, and thus inapplicable to the breach of contract and conspiracy claims in this case. While it is well-settled that the MTCA has no application to actions for breach of the express terms of a contract, the Mississippi Supreme Court has determined that not all actions sounding in contract will escape the protections of the MTCA. See City of Jackson v. Estate of Stewart ex rel. Womack, 908 So.2d 703 (Miss. 2005)(holding that a claim for breach of implied contract falls within the purview of the MTCA); Papagolos v. Lafayette Co. School Dist., 972 F.Supp.2d 912, 932 (N.D. Miss. 2013)("[MTCA] does apply to claims for tortious breach"); see also Idom v. Natchez-Adams School Dist., 115 F.Supp.3d 792 (S.D. Miss. 2015); Montgomery v. Mississippi, 498 F.Supp.2d 892 (S.D. Miss. 2007). In Estate of Stewart, the

Mississippi Supreme Court abrogated the interpretation of Miss. Code Ann. § 11-46-3 adopted in <u>City of Grenada</u> and <u>Churchhill</u>, and relied upon by the plaintiff in this case.  The Court held that the MTCA grants immunity to the state and its political subdivisions for "breach of implied term or condition of any warranty or contract." <u>Estate of Stewart</u>, 908 So.2d at 711.  Following <u>Estate of Stewart</u>, claims for breach of an express contract fall outside the MTCA, while claims arising from breach of implied contracts are governed by the Act.

Although neither party attempts to characterize the alleged agreement as express or implied, the Court is concerned about the nature of the contract between Aries and McComb in light of the holding in <u>Estate of Stewart</u>.  In its Complaint, Aries references the land sale contract with Pike County and alleges that the City was a party to the negotiations and contracts, which included the promise to enter into an interlocal agreement with the County. Compl. at ¶ 46. But examination of the written contract reveals that the City was not a signatory to that agreement. Nevertheless, Defendant has raised no challenge to the sufficiency of the contract claim, nor has any argument been asserted in favor of the MTCA's application. Without more, the Court finds that it is premature to reach the issue.

While the Court recognizes that dismissal pursuant to the MTCA may be warranted at a later stage, the Court is unwilling to make

such a determination based on the information currently before it. Accordingly, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied.

### III. Rule 12(b)(7) Motion

It appears that McComb is filing its Motion to Dismiss under the provisions of both Rule 12(b)(1) and Rule 12(b)(7). Aside from a single introductory sentence to the motion, McComb has presented no factual contentions, supporting authority, or legal argument whatsoever as to Plaintiff's failure to join an indispensable party. Given Defendant's complete lack of discussion on the issue, the Court recognizes that the above reference to Rule 12(b)(7) may have been in error. However, to the extent that McComb intended to move for dismissal pursuant to this Rule, that motion is denied.

### IV. Motion to Dismiss or Stay

McComb also files its Motion to Dismiss, or in the Alternative to Stay Proceedings based on a state court action between the parties, which is currently pending in Pike County, Mississippi. See <u>City of McComb, Mississippi v. Aries Building Systems, LLC, a Texas Limited Liability Company</u>, Cause No. 57-201600056-WS. In its motion, McComb argues that the pending state court matter presents the same issues, not governed by federal law, between the same parties. Further, McComb claims that all matters in controversy in the present case will be fully adjudicated in the pending state court proceeding. Defendant urges this Court, in its discretion,

to grant a stay or abstain from exercising its jurisdiction under the Declaratory Judgment Act in light of the pending case.

McComb provides scarce legal authority to support its position. As with the 12(b)(1) motion discussed above, McComb has filed no memorandum brief in support of its motion, and the motion itself hinges on a single citation to the general notion that courts should be guided by judicial economy. See Brillart v. Excess Ins. Co. of Am.,316 U.S. 491 (1942). Defendant cites to Brillart in support of its motion, but provides the Court with no analysis or discussion as to the case's application. Nevertheless, the Court shall briefly address the merits of McComb's motion argument, in as much as it finds that denial is warranted.

When a district court is presented with the question of whether to abstain from exercising its jurisdiction in a declaratory judgment action, "it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." Brillart, 316 U.S. at 495. The Fifth Circuit has articulated seven non-exclusive factors to guide district courts in this inquiry: "(1) whether there is a pending state action in which all matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether plaintiff engaged in forum shopping in

9

bringing suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." State Nat. Ins. Co. v. Hill, 2015 WL 5554311 (S.D. Miss. Sept. 21, 2015)(citing Sherwin-Williams Co. v. Holmes City, 343 F.3d 383, 388 (5th Cir. 2003)).

Aries argues that this inquiry weighs against dismissal, and after considering the facts of the case in light of all relevant factors, the Court agrees. Attached to Defendant's Motion to Dismiss is a copy of the Complaint filed in the Chancery Court of Pike County, from which the Court discerns that the City of McComb seeks to enforce a land use ordinance against the plaintiff. It appears that the matter is wholly unrelated to the land sale transaction between Aries and Pike County, which forms the basis of the complaint in this case. Additionally, Pike County, the party against which declaratory relief is presently sought, is not a party to the state court proceeding. Because it appears that all matters in controversy may not be fully adjudicated in state court, and that exercising jurisdiction will not interfere with the

10

pending action, McComb's motion is denied at this stage of the proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction **[docket entry 9]** is **DENIED** without prejudice.

**It is HEREBY ORDERED** that the Defendants' Motion to Dismiss or Stay Proceedings **[docket entry 10]** is **DENIED**.

**SO ORDERED**, this the 28th day of October, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

11