IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ARIES BUILDING SYSTEMS, LLC                                    PLAINTIFF

v.                            CIVIL ACTION NO. 5:16-cv-16-DCB-MTP

PIKE COUNTY BOARD OF SUPERVISORS
and CITY OF MCCOMB, MISSISSIPPI                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant City of McComb ("McComb")'s Motion to Dismiss and for Summary Judgment (**docket entries 31 and 32**), defendant Pike County Board of Supervisors ("Pike County")'s Motion to Dismiss and for Summary Judgment (**docket entries 35 and 36**), and plaintiff Aries Building Systems, LLC ("Aries")'s Waiver and Withdrawal of Request for Jury Trial (**docket entry 30**).  Having carefully considered the motions, responses, and applicable law, and being otherwise fully informed in the premises, the Court finds as follows:

### I. Facts and Procedural History

#### A. The Purchase Agreement

In 2014, Pike County entered into a Purchase Agreement with Aries for the sale and purchase of 40 acres of land near McComb, Mississippi. Doc. 1, ¶ 6.  The purpose of this sale was for the construction by Aries of a workforce housing facility for industrial workers.  Pike County executed a Warranty Deed conveying

1

the property to Aries on January 28, 2015, and the deed was recorded on February 2, 2015. Id. at ¶ 7.

Pursuant to the terms of the Purchase Agreement, Aries was required to have a minimum of 120 beds at the development site within the first twelve months after the sale was finalized, and a minimum of ten full time employees at the site within the first twenty-four months. Doc. 1-1, p. 22; Doc. 1-2, p. 3. Should Aries fail to comply with either condition, Pike County would have the option to repurchase the land. Id. Pike County also agreed to enter into an interlocal agreement with the City of McComb ("McComb" or "the City") for the construction of a sewer line and roadway to serve the property purchased by Aries. Doc. 1-1, p. 22. The parties dispute the City of McComb's obligations under the Agreement, but Aries contends that the City was a party to the contract and related negotiations.

According to Aries, the deadline to have the 120 beds located on the property was at the end of January 2016, and the deadline for the full time employees was to be at the end of January 2017. Doc. 1, ¶ 14. On December 23, 2015, Aries sent a letter to Pike County, informing the defendant that 120 beds had been placed on the property in compliance with the first condition. Doc. 1-3. Inspection of the development site revealed eight trailer-type structures without power, running water, or sewage connections. Doc. 1-4. Finding these structures to be uninhabitable, Pike

2

County informed the plaintiff that it was unsatisfied that the first condition of the Agreement had been met, and that it intended to repurchase the property from Aries. <u>Id</u>.  According to Aries, however, providing appliances and utility connections to service the property was beyond the scope of its obligations under the contract.

### B. The Annexation and Subsequent Litigation

With litigation pending in both state and federal court, the Aries development site has become the source of much disagreement between the parties.  On April 23, 2015, the City of McComb filed a petition in the Chancery Court of Pike County to annex Aries's property within the city's boundaries. <u>See</u> Doc. 43-3; Doc. 1, ¶ 15. The City prevailed, and its boundaries were enlarged accordingly.[1] <u>Id</u>. Meanwhile, the City of McComb filed another complaint against Aries in chancery court on February 3, 2016, alleging certain zoning ordinance violations in connection with the development site. Doc. 43-5.  It appears that Pike County also filed a related action against Aries and another defendant for interpleader and specific performance in connection with the Purchase Agreement.[2] Doc. 45, p. 6.

---

[1] Aries claims that the annexation action was commenced without proper notice or jurisdiction and is therefore challenging the judgment in state court.

[2] Pike County filed suit in the Chancery Court of Pike County, but the case was removed on February 3, 2017 and is currently pending before this Court. <u>See</u> <u>Pike Co., Miss. v. Aries Building Sys., LLC & CMS Consultants, LLC</u>, civil action no. 5:17-cv-17.

On February 26, 2016, Aries filed its Complaint against the defendants in this Court, asserting four claims against Pike County and two claims against the City of McComb.  As to Pike County, Aries alleges equitable estoppel and seeks declaratory and injunctive relief.  Specifically, Aries seeks a declaratory judgment finding that the plaintiff fulfilled its obligation under the contract, and an injunction preventing Pike County from exercising its option to repurchase.  Aries also asserts claims for breach of contract and conspiracy against both defendants.

The City of McComb and Pike County now move for dismissal and summary judgment as to all claims.

## II. Standard of Review

The defendants bring their motions pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, thus invoking two distinct standards of review.  Dismissal is appropriate under Rule 12(b)(6) if the complaint "fail[s] to state a claim upon which relief may be granted[.]" Fed. R. Civ. P. 12(b)(6).  To survive the motion, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  When ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004).  Rule 12(b)(6) tests the sufficiency of

the complaint; therefore, the court is bound to consider only the well-pleaded allegations therein.  See Passman v. Thames, 2006 WL 1195627, *3 (S.D. Miss. May 2, 2006).  If matters outside the complaint are considered and not excluded by the Court, the motion to dismiss should be converted to a motion for summary judgment under Rule 56. See Fed. R. Civ. P. 12(d).  Because the defendants' motions reference material outside the Complaint, the Court shall review each motion as one for summary judgment.[3]

Under Rule 56, "the court shall grant summary judgment if the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the [record] . . . which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party makes this demonstration, the burden shifts to the nonmovant to "designate specific facts showing that there is a genuine issue for trial." Estate of Sanders v. U.S., 900 F. Supp. 2d 730, 733 (S.D. Miss. Sept. 26, 2012).  The Court views all of the evidence and draws reasonable inferences in the light

---

[3] When converting a motion to dismiss under Rule 12(d), "all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d).  Because the defendants have also moved for summary judgment, the Court is satisfied that the plaintiff has been afforded such an opportunity in this case.

most favorable to the nonmoving party. <u>Paz v. Brush Engineered
Materials, Inc</u>., 555 F.3d 383, 391 (5th Cir. 2009).

### III. <u>The City's Motion</u>

Aries alleges two counts against the City of McComb: (1)
breach of contract and (2) conspiracy.  The defendant argues that
the plaintiff's breach of contract claim must fail because no valid
contract existed between Aries and the City of McComb.  Further,
the City contends that the Mississippi Tort Claims Act ("MTCA")
mandates dismissal of Aries's civil conspiracy claim.

#### A. *Breach of Contract*

To prevail on its breach of contract claim, the plaintiff
must prove by a preponderance of the evidence: (1) the existence
of a valid and binding contract and (2) that the defendant breached
the contract. <u>Bus. Commc'ns, Inc. v. Banks</u>, 90 So. 3d 1221 (Miss.
2012) (holding that monetary damages are a remedy for, and not an
element of, breach of contract).  The elements of a valid contract
under Mississippi law are: "(1) two or more contracting parties,
(2) consideration, (3) an agreement that is sufficiently definite,
(4) parties with the legal capacity to make a contract, (5) mutual
asset, and (6) no legal prohibition precluding contract
formation." <u>Rotenberry v. Hooker</u>, 864 So. 2d 266, 270 (Miss. 2003).

The City of McComb argues that Aries's breach of contract
claim must fail because no valid contract existed between the
parties.  The City contends that it had no contractual obligation

to provide utility services to Aries's development site because it was not a party to the Purchase Agreement between Aries and Pike County.  The plaintiff, on the other hand, maintains that the City expressly agreed to provide public utility services to Aries's development, to treat Aries's wastewater, and to share in funding of sewage transportation with Pike County.  Aries argues that the City's failure to provide such utility services amounts to a breach of contract.

Generally, "the existence of a contract and its terms are questions of fact to be resolved by the fact-finder, whether a jury or a judge in a bench-trial." Wells v. Price, 102 So. 3d 1250, 1256 (Miss. Ct. App. 2012).  While there is no single, form contract signed by both Aries and the City of McComb in this case, there is a letter from the City's mayor, Whitney Rawlings, stating that the City of McComb intended to provide certain utility services to the Aries property. Doc. 40-3.  The Purchase Agreement between Aries and Pike County also provided that Pike County would enter into an interlocal agreement with the City of McComb, and the letter from Mayor Rawlings was included as an exhibit to that Agreement.  See Doc. 1-1, pp. 22, 42.  In support of its motion, the City of McComb submitted an affidavit signed by Mayor Rawlings, which provided that "no contract of any type" was entered into by Aries and the City. Doc. 32-1.  Nevertheless, the Court finds that there is a genuine issue of material fact sufficient to preclude

summary judgment on Aries's breach of contract claim.   Whether a valid and binding contract exists between Aries and the City of McComb is a question of fact best left for the trier of fact. Therefore, the City's motion shall be denied as to Aries's contract claim.

## B. Conspiracy

As to the conspiracy claim, the City argues that dismissal is warranted based on Aries's failure to comply with the pre-suit notice requirement of the MTCA.  In Mississippi, the MTCA provides the exclusive remedy for filing certain tort actions against a governmental entity and its employees.  Through the provisions of the MTCA, the State has "waived immunity for claims for money damages arising out of the torts of [] government entities and the torts of their employees while acting within the scope of their employment[.]" Ivy v. East Miss. State Hosp., 191 So. 3d 120, 122 (Miss. 2016) (citing Miss. Code Ann. § 11-46-5(1) (Rev. 2012)). Claims arising under the MTCA must be brought pursuant to the procedures set forth in the statute, which require plaintiffs to provide defendants with ninety days' notice prior to bringing suit. See Miss. Code Ann. § 11-46-11(1) (Rev. 2012).  The MTCA's pre-suit notice requirement is a "hard-edged, mandatory rule which the Court strictly enforces." Price v. Clark, 21 So. 3d 509, 519 (Miss. 2009).  When a plaintiff fails to provide the requisite notice of claims covered by the MTCA, those claims are subject to dismissal.

See <u>Univ. of Miss. Med. Ctr. v. Easterling</u>, 928 So. 2d 815, 820 (Miss. 2006); <u>Glaskox v. George Co. Hosp.</u>, 2016 WL 4083422, *4 (S.D. Miss. Aug. 1, 2016).  Aries does not dispute the lack of pre-suit notice in this case. Instead, the plaintiff maintains that its civil conspiracy claim is not covered by the MTCA.

"A conspiracy is an agreement between two or more persons for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully." <u>Shaw v. Burchfield</u>, 481 So. 2d 247, 255 (Miss. 1985).  To establish a claim for conspiracy, the plaintiff must prove: "(1) an agreement between two or more persons, (2) to accomplish an unlawful purpose or lawful purpose unlawfully, (3) an overt act in furtherance of the conspiracy, and (4) damages to the plaintiff as a proximate result." <u>Bradley v. Kelly Bros. Contractors, Inc.</u>, 117 So. 3d 331, 339 (Miss. Ct. App. 2013).  "A civil conspiracy's MTCA status depends on the plaintiff's allegations and the nature of the overt actions in furtherance of the conspiracy." <u>Holloway v. Lamar County,</u> 2015 WL 9094531, *5 (S.D. Miss. Dec. 16, 2015) (recognizing that civil conspiracy may be based on fraudulent or tortious conduct).

In its Complaint, Aries claims that the City conspired with Pike County to breach its contract and deprive the plaintiff of its property rights by bringing the annexation matter to chancery court and commencing litigation against Aries. <u>See</u> Doc. 1, ¶ 40. Aries argues that the MTCA is inapplicable because its civil

conspiracy claim arises fully from the defendants' alleged breach of contract, which is beyond the reach of the Act.  The City disputes this characterization, arguing that the alleged conspiracy is based on an underlying theory of tortious breach of contract.

It is well-settled that the MTCA is inapplicable to pure breach of contract claims because "entering into a contract waives sovereign immunity from suits brought to enforce the contract." Montgomery v. Miss., 498 F. Supp. 2d 892, 905 (S.D. Miss. 2007). But not all actions arising from a defendant's contractual obligations escape the MTCA's application. See Whiting v. Univ. of Southern Miss., 62 So. 3d 907, 916 (Miss. 2011) ("the MTCA covers both tortious breaches of contract and breaches of implied terms and warranties of a contract"); Springer v. Ausbern Const. Co., Inc., 2016 WL 4083981, *4 (Miss. Ct. App. Aug. 2, 2016) (finding that MTCA applies to claims for tortious interference with a contract); Brown v. City of Saltillo, Miss., 106 F. Supp. 3d 784, 792 (N.D. Miss. 2015) (finding that "malicious interference claims fall within the purview of the MTCA").  Indeed, the Mississippi Supreme Court has determined that that "the clear intent of the legislature in enacting the MTCA was to immunize the State and its political subdivisions from any tortious conduct, including tortious breach of . . . contract." City of Grenada v. Whitten Aviation, Inc., 755 So. 2d 1208, 1213 (Miss. Ct. App. 1999)

(emphasis added); Papagolos v. Lafayette Co. School Dist., 972 F. Supp. 2d 912, 932 (N.D. Miss. 2013).

While it appears that the MTCA's notice provision may preclude the plaintiff's conspiracy claim, the Court is reluctant to make such a determination without further factual development. Because the nature of the alleged conduct underlying Aries's conspiracy claim remains somewhat unclear at this stage, the Court declines to grant summary judgment based on the MTCA's application and shall therefore deny the City's motion as to this claim.

### IV. Pike County's Motion

Aries's Complaint asserts four counts against defendant Pike County: (1) declaratory judgment and injunctive relief; (2) equitable estoppel; (3) conspiracy; and (4) breach of contract. Echoing the argument raised by its co-defendant, Pike County maintains that all claims stated against it are subject to dismissal with prejudice based on Aries's failure to comply with the MTCA's notice provision.

Because Aries's civil conspiracy claims against the City and Pike County are virtually indistinguishable, the Court finds it unnecessary to revisit the alleged conspiracy in much detail. Having decided that Aries's conspiracy claim against the City of McComb survives the motion, the Court finds that Aries's conspiracy claim against Pike County, which is largely based upon the same facts and conduct, should also survive. As set forth above, the

11

nature of the defendants' alleged conduct remains unclear; thus, the Court declines to dismiss the conspiracy claim at this stage based on the MTCA's application.   Pike County's motion shall therefore be denied as to the conspiracy claim.

Although Pike County argues that all of the plaintiff's claims are subject to dismissal based on the MTCA's notice provision, it fails to address whether the MTCA should apply to Aries's claims for declaratory judgment, injunctive relief, equitable estoppel, and breach of contract.   According to Aries, none of these claims are governed by the MTCA, and from the record, it appears that these claims are indeed beyond the scope of the Act. See Greyhound Welfare Found v. Miss. State Univ., 736 So. 2d 1048 (Miss. 1999) ("the [MTCA] applies only to tort suits for money damages"); Atlantic Specialty Ins. Co. v. Webster Co., Miss., 2014 WL 3437019, *6 (N.D. Miss. July 11, 2014) ("governmental immunity does not prevent plaintiffs from seeking declaratory relief"); Kelley, LLC v. Corinth Public Util. Com'n, 200 So. 3d 1107, 1123 (Miss. Ct. App. 2016) ("the MTCA does not apply to pure contract actions"). Therefore, the Court declines to grant summary judgment as to these claims based on the MTCA's application.   Finding no other basis warranting summary judgment, the Court shall deny Pike County's motion as to Aries's remaining claims for breach of contract and equitable relief.

V. Aries's Waiver of Request for Jury Trial

On January 6, 2017, Aries filed its Waiver of and Withdrawal of Request for Jury Trial (docket entry 30).   Therein, Aries "withdraws its previous request for, and also waives its right to, a trial by jury," and submits that the case would be appropriate for a bench trial.   Aries also states that the plaintiff will sign and submit a notice of consent to a bench trial before the magistrate judge.   Although Aries does not appear to articulate any specific request for relief, the plaintiff filed its waiver on the docket as a motion.   Insofar as this document may be construed as a motion to withdraw the plaintiff's jury demand, the Court finds that the motion is moot.

Under Federal Rule of Civil Procedure 38(d), "a proper demand [for a trial by jury] may be withdrawn only if the parties consent."   Where one party has made a demand for a jury, other parties are entitled to rely on that demand and need not make an independent demand of their own. Peter Cabusao Plaintiff v. Michael V. Lombardi, 2015 WL 12978158 (S.D. Miss. Jan. 30, 2015).   The defendants have not provided consent to a bench trial in this case. Without such consent, any attempt by Aries to unilaterally withdraw its jury demand is ineffective.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that defendant City of McComb's Motion to Dismiss and for Summary Judgment (docket entries 31 and 32) is DENIED;

FURTHER ORDERED AND ADJUDGED that defendant Pike County's Motion to Dismiss and for Summary Judgment (docket entries 35 and 36) is DENIED;

FURTHER ORDERED AND ADJUDGED that plaintiff's Waiver and Withdrawal of Jury Demand (docket entry 30), insofar as this document may be construed as a motion to withdraw the plaintiff's jury demand, is MOOT.

SO ORDERED AND ADJUDGED, this the 7th day of March, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

14